WENTWORTH, Judge.
The employer and its workers’ compensation insurance carrier (e/c) appeal an order of the deputy commissioner awarding payment of the claimant’s attorney’s fees on the basis of a finding that the e/e acted in *15 bad faith in the handling of the claim. We affirm.
The claimant in this case was a thirteen year old seasonal, or migrant, worker when he was injured on May 21, 1980, while working for the employer.[1] The accident happened shortly after claimant had begun his employment. In fact, his employment records show that he had worked one day in the week prior to the accident, and two days in the week of the accident. The accident occurred on Wednesday.
In initially determining claimant’s average weekly wage, the carrier relied on information from the employer that “claimant could make as much as $120.00 per week,” and benefits were paid based on that figure. On September 8, 1980, the carrier received notice of claimant’s actual earnings, showing that in the week of the accident the claimant earned $47.25. Benefits based on the $120.00 average weekly wage continued until December 18, 1980, when the carrier recalculated claimant’s benefits based on an average weekly wage of $47.25, with a resulting compensation rate of $31.50 per week. At the same time, the carrier decided to recoup what it considered to be past overpayments at the rate of $20.00 per week, resulting in a weekly compensation payment of $11.50. Subsequently, claimant secured the services of an attorney and instituted proceedings to determine the proper average weekly wage.
After a hearing, the deputy commissioner found that the proper method for determining claimant’s average weekly wage was found in § 440.14(l)(e), Florida Statutes (1979), which section governs the establishment of an average weekly wage for minors whose wages should be expected to increase during the period of disability. Based on that section, the deputy found that claimant’s average weekly wage was $210.50. The e/c appealed that finding, and this court affirmed without opinion on June 22, 1982.
A hearing was then held to determine liability for the claimant’s attorney’s fees. The carrier’s regional claims manager testified that he had considered § 440.14(l)(e) when determining claimant’s average weekly wage, but decided it did not apply because “there was no reason to indicate that [claimant] would ever work more than two days a week during the period of disability.” He also testified that in his five years as a claims supervisor, he had handled approximately one hundred claims involving minors and had never utilized § 440.14(l)(e) to calculate an average weekly wage.
Based on the undisputed facts, we find competent substantial evidence from which the deputy commissioner could determine that the e/c acted unreasonably in assessing claimant’s average weekly wage and acted in bad faith in handling the claim. § 440.-34(2)(b), Florida Statutes (1979). The record reflects no basis for any reasonable belief that claimant would not have worked more than two days a week during the obviously extensive period of disability. The adjuster’s admission that he had never utilized § 440.14(l)(e) would also indicate an apparent disregard for the clearly expressed intent of that provision for minor claimants.
Affirmed.
ROBERT P. SMITH, Jr., C.J., and ZEH-MER, J., concur.

. Claimant was riding in the back of a pickup truck with his legs dangling over the tailgate when the driver accidentally backed into a tree and crushed claimant’s right leg.